UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DE'MARIAN A. CLEMONS,

    Plaintiff,

  v.

BRIAN WILLIAMS, SR., *et al.*,

    Defendants.

Case No. 2:13-cv-00093-RFB-NJK

**ORDER**

    This case comes before the Court on two discovery-related motions filed by Plaintiff De'Marian Clemons. For the reasons stated below, these motions are denied.

**A. Motion to Retain Discovery Information**

    First, Clemons filed a motion labeled "Motion to Retain Medical Call-Out List, Pill-Call Records, Doctor App. Sign-In Sheets, Medical Records Forward[ed] to Judge, and Depositions, Admissions[, and] Interrogatories for Discovery" (hereinafter "Motion to Retain Discovery Information") on April 3, 2015. ECF No. 52. In this motion, Clemons requests that the Court assist Plaintiff in retaining medical documentation relating to his case and asks the Court to obtain a copy of his medical file because he is not permitted to retain it himself. Clemons also states that he would like to question certain Defendants and their witnesses.

    The Court grants this motion to the extent that Clemons seeks to be able to retain a copy of his medical file. The Court finds that there is good cause for Defendants to supply a copy of Clemons's medical records to him so that he may review them in his cell as he prepares or

responds to motions in this case.

However, the Court denies the remainder of Clemons's motion without prejudice. District courts generally do not receive or review discovery requests or responses unless there is a dispute between the parties that they cannot resolve without court intervention. Normally, the parties exchange discovery requests and responses without sending any copy to the court. See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court "until they are used in the proceeding or the court orders filing"); Local Rule 26-8 (stating that written discovery requests and responses "shall not be filed with the Court" unless otherwise ordered and that discovery responses should be served on the party who requested them). The Court therefore agrees with Defendants that there is no basis for the Court to order Clemons's medical records to be forwarded to the Court at this time. Any medical records or other evidence that Clemons wishes the Court to consider must be authenticated and attached to a dispositive motion or response.

If there is a disagreement relating to the discovery process, Clemons may file a motion with the Court requesting that the Court order the opposing party to disclose the information or respond to discovery requests. See Fed. R. Civ. P. 37(a)(3). However, before moving for an order compelling disclosure or discovery, Clemons must make a good-faith attempt to "confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); see also Local Rule 26-7 ("Discovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action.").

B. **Motion for Interrogatories**

Second, Clemons filed a Motion for Interrogatories on April 15, 2015. ECF No. 56. In this motion, Clemons sets forth a list of interrogatories he seeks to have answered by Defendants Hill, Sanchez, Dressler, and Williams.

The Court denies this motion without prejudice, to the extent that the motion is

1  requesting that the Court order Defendants to respond to the interrogatories. As discussed above,
2  district courts generally are not involved with discovery requests or responses unless a dispute
3  arises. If there is a discovery dispute, the parties may seek relief from the Court if they have
4  made a good-faith attempt to resolve the dispute without court action. Because Clemons has not
5  shown that he attempted to meet and confer or that a dispute regarding discovery has arisen, the
6  Court denies his motion. However, if the parties cannot agree as to particular discovery requests
7  or responses in the future, Clemons may file a motion seeking relief as long as he is able to
8  demonstrate that he has first attempted to resolve the dispute(s) without court action.

9  Finally, Clemons's interrogatories are improperly filed with the Court and shall therefore
10 be stricken from the docket. Discovery requests or responses should not be filed with the Court
11 unless they are being used for a specific purpose or are ordered by the Court. See Fed. R. Civ. P.
12 5(d); LR 26-8.

## ORDER

For the reasons stated above,

**IT IS ORDERED** that Plaintiff De'Marian Clemons's Motion to Retain Discovery Information (ECF No. 52) is GRANTED IN PART and DENIED IN PART. Defendants shall provide a full and complete copy of the medical records of Plaintiff De'Marian Clemons—including (but not limited to) films, laboratory reports, physician's orders, progress notes, prescriptions, pharmacy records, and requests for medication and medical attention, between the dates of March 24, 2012 to the present—to Plaintiff De'Marian Clemons on or before **Friday, May 8, 2015 at 10:00 AM**. Plaintiff De'Marian Clemons shall be permitted to retain this copy of his medical records in his cell for the duration of this case if he so chooses.

**IT IS FURTHER ORDERED** that Defendants shall provide Plaintiff De'Marian Clemons with copies of any medical records (as defined above) that are produced in the future as a result of medical care, medical treatment, or medications that Plaintiff De'Marian Clemons seeks while in custody at Southern Desert Correctional Center after the issuance of this Order.

**IT IS FURTHER ORDERED** that Plaintiff De'Marian Clemons's Motion for

Interrogatories (ECF No. 56) is DENIED. Because the request for interrogatories was filed in violation of Local Rule 26-8, the Clerk of Court shall STRIKE this document from the docket.

DATED: April 29, 2015.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**