UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DE'MARIAN A. CLEMONS,

    Plaintiff(s),

v.

BRIAN WILLIAMS, et al.,

    Defendant(s).

Case No.: 2:13-cv-00093-RFB-NJK

**Order**

(Docket No. 249)

Defendants' counsel moves for leave to file its motion to withdraw (Docket No. 250) under seal. Docket No. 249. For the reasons below, the Court defers ruling on that request until, as detailed below, Defendants file a supplement to their motion. Defendants must file that supplement by September 6, 2019.

**I.    STANDARDS**

There is a strong presumption of public access to judicial records. *See Kamakana v. City & County of Honolulu*, 447 F.3d 172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). To keep documents attached to non-dispositive motions confidential, parties must make a "particularized showing" of "good cause." *See Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1137).

Any request to seal documents must be "narrowly tailored to the material that warrants secrecy. *E.g.*, *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1986)). Thus, if confidential material can

1

be easily redacted while leaving meaningful material available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz*, 331 F.3d at 1137; *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

## II. ANALYSIS

Defendants' request to seal the motion to withdraw is not narrowly tailored to the material that they allege warrants secrecy. Defendants assert that the "motion identifies several communications between attorneys at the [Office of the Nevada Attorney General] and Ms. Dressler" and that those "communications involve legal advice concerning the instant case." Docket No. 249 at 3. Defendants fail to identify the communications in a twenty-page filing that allegedly warrant secrecy. It is unclear to the Court why all twenty pages should be sealed rather than redacting actual confidential material.

## III. CONCLUSION

Therefore, the Court defers ruling on Defendants' motion for leave to seal the motion to withdraw (Docket No. 250). No later than September 6, 2019, Defendants must file a supplement to their motion that explains with particularity whether the alleged confidential material in the motion can be easily redacted. If the material can be easily redacted, Defendants must also file a proposed redacted version of the motion by the same date.

IT IS SO ORDERED.

Dated: August 23, 2019

Nancy J. Koppe
United States Magistrate Judge