| | |
|---|---|
| 1 | JASON K. HICKS, ESQ. |
| | Nevada Bar No. 13149 |
| 2 | **GREENBERG TRAURIG, LLP** |
| | 10845 Griffith Peak Drive, Suite 600 |
| 3 | Las Vegas, Nevada 89135 |
| | Telephone: (702) 792-3773 |
| 4 | Fax: (702) 792-9002 |
| | Email: hicksja@gtlaw.com |
| 5 | |
| | MICHAEL L. ROSENTHAL, ESQ. |
| 6 | *Pro Hac Vice Forthcoming* |
| | STEPHEN F. RAIOLA, ESQ. |
| 7 | *Pro Hac Vice Forthcoming* |
| | **COVINGTON & BURLING LLP** |
| 8 | One CityCenter, 850 Tenth St., NW |
| | Washington, D.C. 20001 |
| 9 | Telephone: (202) 662-5786 |
| | Email: mrosenthal@cov.com |
| 10 | sraiola@cov.com |
| 11 | *Counsel for Plaintiff* |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DE'MARIAN A. CLEMONS, | Case No.: 2:13-cv-93-RFB-NJK |
| Plaintiff, | |
| vs. | **PLAINTIFF'S UNOPPOSED MOTION FOR AN ORDER TO MAKE PLAINTIFF AVAILABLE FOR A MEDICAL EXAMINATION, X-RAYS, AND A MRI** |
| BRIAN WILLIAMS, *et. al.*, | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26, Plaintiff De'Marian A. Clemons hereby moves for an order compelling Defendants to make Plaintiff available for a medical examination by Plaintiff's own medical expert, an x-ray, and an MRI. This motion is based on the papers and pleadings on file, the attached memorandum of points and authorities, and the record in this case.

/ / /

/ / /

/ / /

/ / /

1

*ACTIVE 46770679v1*

## MEMORANDUM OF POINTS AND AUTHORITIES

Litigants in federal court may pursue discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Federal Rules also expressly permit expert testimony. *See* Fed. R. Civ. P. 26(a)(2). Indeed, "[i]t is beyond cavil that a plaintiff may retain his own expert medical witness to examine himself and render opinion testimony at trial." *Silverstein v. Fed. Bureau of Prisons*, No. 07-02471, 2009 WL 1451684, at *4 (D. Colo. May 20, 2009).

Ordinarily a district court has no reason to intervene in a plaintiff's pursuit of expert testimony from his own expert. But here, because Mr. Clemons is incarcerated, he cannot leave Defendants' custody for appointments with a medical expert or medical testing. As a result, Mr. Clemons cannot by his expert or obtain the x-ray or MRI imagining necessary to assess the extent of his medical injuries without a Court order instructing the prison to take Mr. Clemons to get MRI and X-ray imaging.

District courts often grant requests for orders compelling correctional defendants to make inmate plaintiffs available for evaluations by the plaintiff's medical experts. *See, e.g.*, *De'lonta v. Clarke*, No. 11-00257, 2013 WL 4584684, at *2 (W.D. Va. Aug. 28, 2013); *Silverstein v. Fed. Bureau of Prisons*, No. 07-02471, 2009 WL 1451684, at *4 (D. Colo. May 20, 2009); *see also, Phillips v. Tangilag*, No. 5:16-CV-00088-TBR, 2019 WL 2862803, at *7 (W.D. Ky. July 2, 2019) (permitting the plaintiff to move to "compel transportation to an outside physician"). Defendants have sometimes contended that a plaintiff must show good cause to obtain such an order, citing Rule 35, but that rule is not applicable. *See*, e.g., *Silverstein*, 2009 WL 1451684 at *4. At most, courts have asked the plaintiff to show that a doctor has agreed to serve as an expert witness and that an examination is necessary for the doctor's opinion. *See Phillips*, 2019 WL 2862803 at *7.

Consistent with that body of caselaw, this Court should order the Defendants to: (1) provide Mr. Clemons with X-rays of the Foot (AP, Lateral, and Oblique views), Ankle (AP, Lateral, and Mortise views), and Tibia (AP and Lateral); (2) provide Mr. Clemons with an MRI of the ankle; and (3) make Mr. Clemons available for an in person medical examination at the prison. First, Mr. Clemons's requested expert discovery is relevant and proportional to the needs of the case.

2

*ACTIVE 46770679v1*

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

Mr. Clemons alleges, among other things, that the Defendants denied appropriate medical care for injuries to his leg while incarcerated in the Southern Desert Correctional Center. *See, e.g.*, First Amended Complaint (FAC) ¶¶ 1, 10, ECF No. 242. He further alleges that they housed him in conditions that were not appropriate for his injuries. For example, they assigned him to an upper bunk despite being in crutches and could not climb in and out of bed without jumping, which was painful and exacerbated his injuries. *See, e.g.*, *id.* ¶ 24–26. The Defendants have argued previously that they provided adequate treatment and appropriate housing, demonstrating that the extent of Mr. Clemons' injuries, the appropriate treatment of those injuries, and the adequacy of his housing are disputed and at the center of the case. And each of these topics is appropriately addressed by expert medical testimony.

Second, Mr. Clemons' request is justified. He intends to offer testimony by an orthopedic specialist at trial, Dr. Ian S. Elliott. Dr. Elliott has determined that an examination, x-rays, and an MRI are necessary to form opinions relating to Mr. Clemons' injuries, appropriate care, and reasonable housing conditions. *See* Ex. A, Elliott Decl. ¶¶ 5-6.

Mr. Clemons therefore requests an order compelling Defendants to: (1) provide Mr. Clemons with X-rays of the Foot (AP, Lateral, and Oblique views), Ankle (AP, Lateral, and Mortise views), and Tibia (AP and Lateral); (2) provide Mr. Clemons with an MRI of the ankle; and (3) make Mr. Clemons available for an in person medical examination at the prison. The Defendants do not oppose this motion.

DATED this 24th day of October 2019.

    Respectfully submitted,

    **GREENBERG TRAURIG LLP**

    /s/ *Jason Hicks*
    JASON K. HICKS
    Nevada Bar No. 13149
    10845 Griffith Peak Drive, Suite 600
    Las Vegas, Nevada 89135

    MICHAEL L. ROSENTHAL, ESQ.
    STEPHEN F. RAIOLA, ESQ.
    **COVINGTON & BURLING LLP**
    One CityCenter, 850 Tenth Street, NW
    Washington, D.C. 20001

# ORDER

**THE COURT HEREBY ORDERS** the Nevada Department of Corrections to (1) provide Mr. Clemons with X-rays of the Foot (AP, Lateral, and Oblique views), Ankle (AP, Lateral, and Mortise views), and Tibia (AP and Lateral); (2) provide Mr. Clemons with an MRI of the ankle; and (3) make Mr. Clemons available for an in-person medical examination by Dr. Ian S. Elliott, M.D. at the prison. **THE COURT FURTHER ORDERS** that the X-rays, and MRI must take place no later than December 1, 2019.

Dated this 25 day of October 2019.

_____
UNITED STATES MAGISTRATE JUDGE

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

*ACTIVE 46770679v1*

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), I hereby certify that a copy of the foregoing **UNOPPOSED MOTION FOR AN ORDER TO MAKE PLAINTIFF AVAILABLE FOR A MEDICAL EXAMINATION** was filed electronically via the Court's CM/ECF system and served to all parties of record on this date.

DATED this 24th day of October 2019.

                                          */s/ Evelyn Escobar-Gaddi*
                                          An employee of GREENBERG TRAURIG, LLP

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
(702) 792-3773
(702) 792-9002 (fax)

*ACTIVE 46770679v1*